```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
PIETRO J. PARISI, JR.,        :
                              :
          Petitioner,         :   Civ. No. 17-1736 (NLH)
                              :
     v.                       :        OPINION
                              :
THE ATTORNEY GENERAL          :
OF THE STATE OF NEW JERSEY,   :
et al.,                       :
                              :
          Respondents.        :
_____:
```

APPEARANCES:

Pietro J. Parisi, Jr.
147556c 705
Special Treatment Unit
8 Production Way
P.O. Box 905
Avenel, NJ 07001

    Petitioner Pro se

Charles A. Fiore, Gloucester County Prosecutor
Margaret A. Cipparrone, Senior Assistant Prosecutor
Gloucester County Prosecutor's Office
Hunter & Euclid Street
P.O. Box 623
Woodbury, NJ 08096

    Counsel for Respondents

HILLMAN, District Judge

    Petitioner Pietro J. Parisi, Jr., presently committed in the Special Treatment Unit in Avenel, New Jersey, is proceeding on an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 4. The Court requested that Respondent

file an answer limited to "the issues of 'in custody' jurisdiction and timeliness."  ECF No. 6.  Respondent conceded that Petitioner is "in custody" for purposes of § 2254 and that Petitioner was "within the statute of limitations with respect to Indictment 02-09-0544 and Accusations 03-01-0105 and 03-01-0106 but out of time with respect to Accusation 96—03-0144."  ECF No. 6 at 2-3.  Petitioner disputes the untimeliness assertion: "If this were true, it would have no bearing on the outcome of this proceeding.  The other convictions' stand with the same issues and it is inarguable that if my grounds are unconstitutional for one conviction, they are unconstitutional for all."  ECF No. 13 at 6.

The Court concludes that Petitioner has satisfied § 2254's "in custody" requirement and his challenge to Accusation 96—03-0144 is presumptively untimely.  Petitioner may submit arguments in favor of equitable tolling for these claims, and Respondent will be directed to file a full answer to the remaining arguments.[1]

---

[1] Respondent's limited answer does not comply with the Court's November 27, 2017 order.  ECF No. 6.  The appendix omits key documents, is out of order, and does not separate each exhibit into individual docket entries.  The Court expects Respondent to comply with the Court's directives in submitting its full answer and appendix.

I. BACKGROUND

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, 28 U.S.C. § 2254(e)(1), reproduces the recitation of the facts as set forth by the New Jersey Superior Court, Appellate Division ("Appellate Division") in its opinion affirming the Law Division's order denying Petitioner's motion to withdraw his guilty pleas:[2]

> The record shows that on March 26, 1996, defendant pled guilty to third-degree endangering the welfare of a child. N.J.S.A. 2C:24-4a. The conviction arose from charges that defendant had sexual contact with a child under the age of sixteen. Defendant received a sentence of three years probation, conditioned on serving 364 days in the county correctional facility and compliance with the requisite Megan's Law conditions. In December 1999, defendant signed a document acknowledging that, as part of the community supervision for life regulations, he could not live with a minor without the permission of the parole board.
>
> On January 17, 2003, defendant pled guilty to two counts of second-degree sexual assault, N.J.S.A. 2C:14-2, and one count of fourth-degree violation of community supervision for life, N.J.S.A. 2C:43-6.4. The sexual assault convictions stemmed from defendant having sexual relations with two children under the age of sixteen. Defendant received an aggregate sentence of eight years in prison with four years of parole ineligibility. Defendant continued to be subject to Megan's Law and community supervision for life.

---

[2] The Appellate Division later incorporated this "detailed recitation of defendant's involvement with the criminal justice system" in its opinion denying Petitioner's postconviction relief ("PCR") appeal. State v. Parisi, No. A-1078-14T3, 2016 WL 6518590, at *1 (N.J. Super. Ct. App. Div. Nov. 3, 2016).

>On September 24, 2005, defendant filed an appeal. On October 28, 2005, defendant filed a motion to vacate his 2003 guilty plea, contending that he did not know that his guilty plea made him eligible for indefinite civil commitment after he had served his sentence. After the trial judge denied the motion on April 27, 2006, defendant amended his pending appeal to include this denial. We remanded the matter for a plenary hearing . . . for a determination of whether defendant understood that future indefinite confinement could be a possible consequence of his plea and for a reconsideration of defendant's sentence pursuant to State v. Natale, 184 N.J. 458, 495-96 (2005). State v. Parisi, Docket No. A-0582-04 (App. Div. May 23, 2007).
>
>On September 12, 2007, the trial judge approved an agreement between defendant and the State whereby defendant acknowledged that he had been aware at the time of his 2003 plea of the possibility that he could be civilly committed and that he had been subject to community supervision for life since his 1996 plea. The State agreed to modify defendant's sentence to six years in prison with three years parole ineligibility. On May 27, 2008, defendant filed a motion to withdraw his guilty pleas, contending that the parole board had added new conditions to his sentence. The court denied the motion and defendant did not appeal.
>
>In September 2008, defendant's son was born. Shortly thereafter, the Division of Youth and Family Services removed the infant from the custody of both parents.[3] Defendant then moved to withdraw his guilty pleas[4] because he was not informed that his convictions for child endangering and sexual assault could restrict his custody of or visitation rights to any minor child, "except upon a showing by clear and convincing evidence that it is in the best interest of the child." N.J.S.A.

---

[3] "The record is devoid of any documentation explaining the reasons for the removal of the child from both the mother and the father." Parisi, 2013 WL 889260, at *1 n.1.

[4] "The record does not contain this motion or any supporting certifications." Parisi, 2013 WL 889260, at *1 n.2.

> 9:2-4.1a to b. Defendant argued that, if he had known about this consequence, he would not have pled guilty either time. Based on an analysis pursuant to State v. Slater, 198 N.J. 145 (2009), the judge denied defendant's motion. This appeal followed.

State v. Parisi, No. A-4901-09T3, 2013 WL 889260, at *1 (N.J. Super. Ct. App. Div. Mar. 12, 2013).

II. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 permits a federal court to entertain a petition for writ of habeas corpus on behalf of a person in state custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus under § 2254. See 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

III. DISCUSSION

A.  Custody

The Court directed Respondent to address whether Petitioner was presently "in custody" for purposes of § 2254. ECF No. 6. Respondent concedes that he is, ECF No. 11 at 1, and the Court sees no reason to conclude otherwise. See Bey v. New Jersey, No. 16-5605, 2017 WL 5175595, at *1 n.1 (D.N.J. Nov. 8, 2017); Conover v. Cicchi, No. 09-827, 2009 WL 1410746, at *1 (D.N.J. May 15, 2009) ("As Petitioner continues to serve the lifetime parole supervision portion of the sentence, the Court presumes that Petitioner satisfies the 'in custody' requirement as to challenging that conviction."). The Court will proceed to review the petition.

B.  Timeliness

Respondent challenges the timeliness of Petitioner's claims related to Accusation 96-03-0144, so the Court will limit its timeliness discussion to Accusation 96-03-0144. For his part,

6

Petitioner disputes his challenge is untimely and argues that Accusation 96-03-0144 became final for § 2254 purposes on September 12, 2007.  ECF No. 13 at 5.

Petitioner pled guilty to Accusation 96-03-0144 on March 29, 1996.  ECF No. 11-4 at 111.  He was sentenced on June 28, 1996.  Id. at 119; ECF No. 11-5 at 127.  "An amended judgment of conviction was filed on January 3, 1997, which included the provision of community supervision for life, as required by N.J.S.A. 2C:43-6:4(a)."  ECF No. 11-2 at 86.[5]  Petitioner did not file an appeal.  ECF No. 13 at 5.

On February 19, 2004, Petitioner filed a PCR petition challenging his convictions in Cases 03-01-0105, 02-09-0554, and 03-01-0106.  ECF No. 11-1 at 38.  He filed a notice of motion for leave to file a notice of appeal nunc pro tunc challenging these same convictions on September 24, 2004.  Id. at 36. Petitioner withdrew his PCR petition on August 1, 2005 pending the resolution of his appeal, and the PCR court noted that "defendant may re-file this petition as within time upon resolution of the aforementioned pending appeal."  Id. at 40-41.

---

[5] The State did not provide a copy of this amended judgment of conviction.  The only "amended" judgment of conviction in the State's appendix is dated June 28, 1996, the original date of sentencing on this Accusation.  ECF No. 11-5 at 128.  The State will file the January 1997 amended judgment of conviction within 14 days of this Order.

7

Petitioner filed a notice of motion to withdraw his guilty plea in Cases 02-09-0554, 03-01-0105, and 03-01-0106 on October 26, 2005.  Id. at 43.  The trial court denied this motion on April 27, 2006.  Id. at 45.  Petitioner amended his notice of appeal to include a challenge to this order on August 11, 2006.  Id. at 46-49.

On May 23, 2007, the Appellate Division reversed the trial court and remanded for the trial court to determine "whether defendant understood that future confinement for an indefinite period was a possible consequence of his [January 2003] plea . . . ."  Parisi, 2007 WL 1484377 at *3.  The Appellate Division also concluded "Defendant's concurrent sentences each exceed the former statutory presumptive term.  For that reason, if the judge determines that defendant understood that he was subject to commitment pursuant to the [Sexually Violent Predator Act] and denies defendant's motion to vacate the plea, the judge must reconsider the sentence."  Id.

At some unknown point in time, Petitioner filed a PCR petition seeking to withdraw his guilty plea for Accusation 96-03-0144 because "there was not mention of community supervision for life" at sentencing.  ECF No. 11-5 at 34.[6]  The PCR court

---

[6] Neither Petitioner nor the State provided a copy of this particular motion.

heard argument for this motion on April 2, 2007. Id. at 33. On June 18, 2007, the PCR court concluded "the sentence that would ultimately imposed was the legal sentence, but it was not sentenced in the legal manner, in that the defendant did not have notice . . . of the fact that community supervision for life was part of his sentence." Id. at 43. The court did not take further action at this time and stated it would consider the remedy together with the Appellate Division's remand order on Petitioner's other cases. Id.

The trial court conducted a hearing on Petitioner's convictions on September 12, 2007. Id. at 47. The State indicated that it had come to an agreement with Petitioner on how to resolve his claims:

> Dealing first with the more recent convictions, we have 02-09-554-I, Accusation 03-01-00105A, and A03-01-00106, those three matters are the subject of a guilty plea that Mr. Parisi and the State entered in January 2003. With regards to those matters, the state, and the defense have agreed that there will be an amended Judgment of Conviction, containing a modification of the sentence. It will be an aggregate sentence of six years, New Jersey State Prison, with a three-year period of parole ineligibility. Okay. Officially, it would be or Avenel, but I think that Mr. Parisi is in state prison. So, it would be – that would be the aggregate sentence. All of the normal requirements of Megan's law, registration and supervision would apply, as well as, I believe then it was community supervision for life in 2003[.]

Id. at 48-49.

> In addition, it's my understanding that the defense is going to acknowledge that in a prior conviction, in 1996, that they will acknowledge the imposition of community supervision for life on that conviction. And, the Court is going to re-colloquy the defendant on the implications of – or re-colloquy the defendant on the implications of his guilty pleas that he entered in 2003, and in 1996, for the offenses that were committed.

Id. at 49. Petitioner's counsel then clarified that

> I don't suppose that the State would have a problem with the [96-03-144] Judgment of Conviction just stating that that time has been served, which everybody knows it has been served. That was way back when. And, if the Judgment of Conviction says it on there, it will be easier for them — because sometimes my client's concern is that sometimes the Department of Corrections, you know, needs a secret decoder ring to figure everything out, when it's really sometimes plain as day.

Id. at 50. Petitioner then swore under oath that he understood that "at the time that [he] entered the plea, that the Sexually Violent Predator Act, or provision, did apply to [him], and that [Petitioner's] future confinement for an indefinite period was a possible consequence of [his] plea[.]" Id. at 52. Petitioner acknowledged that "the factual basis for [his] guilty pleas was truthful when [he] gave it" and that he was "under community supervision for life, and [was] aware of the terms and consequences of that[.]" Id. The trial court stated it was satisfied Petitioner's "pleas were given knowingly, intelligently, and voluntarily. Specifically, that he did understand that his future confinement for an indefinite period

10

was a possible consequence of his plea . . . which was given back in 2003." Id. at 53.

The trial court resentenced Petitioner to the agreed-upon sentence of an aggregated six-year term with a three-year period of parole ineligibility in Cases 02-09-554 and 03-01-00105. Id. at 54. The trial court resentenced Petitioner to a concurrent term of 18-months in Case 03-01-00106. Id. Petitioner's "motion to correct an illegal sentence" to Accusation 96-03-144 was "withdrawn as a part of an overall resolution of a remand from the Appellate Division . . . ." ECF No. 11-3 at 15.

"[F]inality for the purpose of § 2244(d)(1)(A) is to be determined by reference to a uniform federal rule." Clay v. United States, 537 U.S. 522, 531 (2003).[7] "[T]he judgment becomes final at the 'expiration of the time for seeking such review' — when the time for pursuing direct review in this Court, or in state court, expires." Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). For Accusation 96-03-144, this date was 45-days after the amended judgment was filed on January 3, 1997. See N.J. Ct. R. 2:4-1(a)("[A]ppeals from final judgments of courts . . . shall be filed within 45 days of their entry.").

Petitioner's argument that Accusation 96-03-144 was not

---

[7] Petitioner does not argue that another provision of § 2244(d)(1) applies.

11

final until September 12, 2007 is misplaced.  A state conviction is not final for purposes of § 2244(d)(1)(A) when "a state court grants a criminal defendant the right to file an out-of-time direct appeal judgment of conviction during state collateral review, but before the defendant has first sought federal habeas relief . . . ."  Jimenez v. Quarterman, 555 U.S. 113, 121 (2009).  Jimenez's limited holding does not apply to Petitioner, however.  By his own admission, Petitioner did not file a direct appeal of Accusation 96-03-144; his first challenge to this conviction was via PCR petition.  See ECF No. 13 at 5 ("While it is true that [Petitioner] did not file a direct appeal, he did file a state Post Conviction motion to Withdraw his plea to Accusation 96-03-0144, which was heard on April 2, 2007.").  Petitioner sought and received permission from the Appellate Division to file an out-of-time direct appeal of his convictions in Cases 03-01-0105, 02-09-0554, and 03-01-0106.  ECF No. 11-1 at 36.  The Appellate Division did not consider any arguments related to Accusation 96-03-144 and did not order the trial court to take any action concerning Accusation 96-03-144 on remand.  See generally Parisi, 2007 WL 1484377.  Petitioner withdrew his PCR petition on September 12, 2007.[8]

---

[8] In addition, "cases indicate that modifications of sentences to account for previous time served likely do not trigger a new

Petitioner did not seek direct review of Accusation 96-03-144, so under federal law that conviction became final when the time to seek direct review expired. A timely direct appeal was due February 18, 1997,[9] making a timely § 2254 challenge to Accusation 96-03-144 due February 18, 1998.[10] Petitioner did not file his § 2254 challenge by February 18, 1998, making the current challenge to that conviction untimely unless some other form of tolling applies.

"[T]he time during which a properly filed application for

---

statute of limitations." Graham v. Smelser, 422 F. App'x 705, 707–08 (10th Cir. 2011). At the September 12, 2007 hearing, Petitioner's counsel requested an amended judgment of conviction for Accusation 96-03-144 was "just for [Petitioner]'s peace of mind" and "just stating that that time has been served, which everybody knows it has been served" to make that "plain as day" for the New Jersey Department of Corrections. ECF No. 11-5 at 49-50. See also Freeman v. Wainwright, 959 F.3d 226, 230 (6th Cir. 2020) ("[L]imited resentencings that benefit the prisoner 'do not disturb the underlying initial judgment, which continues to constitute a final judgment.'" (quoting Crangle v. Kelly, 838 F.3d 673, 678 (6th Cir. 2016))), cert. denied, 141 S. Ct. 1056 (2021); Romansky v. Superintendent Greene SCI, 933 F.3d 293, 300 (3d Cir. 2019), as amended (Aug. 9, 2019) (holding a resentencing on some counts of conviction is not a new judgment as to the undisturbed counts of conviction and, therefore, the resentencing does not impose a new one-year statute of limitations period for the undisturbed convictions).

[9] February 17, 1997 was a federal holiday. Fed. R. Civ. P. 6(a)(1)(C).

[10] Petitioner's conviction became final after AEDPA's April 24, 1996 effective date; therefore, he is subject to its one-year statute of limitations.

13

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)). The state courts accepted the PCR petition under state law, but Petitioner cannot invoke § 2244(d)(2)'s tolling provision because his one-year had already expired by the time Petitioner filed his PCR petition. See Merritt v. Blaine, 326 F.3d 157, 162 (3d Cir. 2003) ("[T]o fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and 'properly filed.'"). Petitioner's habeas corpus petition is untimely under § 2244(d)(1) for Accusation 96-03-144.

The statute of limitations is, however, subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In the interests of justice, Petitioner will

14

be granted a limited amount of time to submit arguments in favor of equitable tolling. Failure to submit equitable tolling arguments in the time set by the Court will result in the claims relating to Accusation 96-03-144 being dismissed as untimely.

The State will be ordered to submit a full answer to Petitioner's other claims. It must resubmit the relevant exhibits in the manner set forth in the accompanying Order.

IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Court reserves its decision on a certificate of appealability pending the completion of briefing.

V. CONCLUSION

For the above reasons, Petitioner's challenges to Accusation 96-03-144 are presumptively untimely under 28 U.S.C. § 2244. Petitioner may submit arguments in favor of equitable tolling within 30 days of this Order. Failure to submit equitable tolling arguments in the time set by the Court will result in the claims relating to Accusation 96-03-144 being

dismissed as untimely.  The Court reserves its decision on a certificate of appealability.  Additionally, the State will be ordered to submit a full answer to Petitioner's other claims.

An appropriate Order follows.


Dated: July 14, 2022                  s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.